UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IRA SABRAN and BARBARA
SABRAN, a/a/o 2203 Regal Way LLC,

      Plaintiffs,

v.                                        Case No:   2:20-cv-803-JLB-KCD

ROCKHILL INSURANCE COMPANY,

      Defendant.
_____

# ORDER

Plaintiffs Ira and Barbara Sabran bought a home from 2203 Regal Way LLC ("Regal"). Regal insured the property through a policy with Defendant Rockhill Insurance Company ("Rockhill"). Hurricane Irma allegedly damaged the property while Regal still owned it. But Regal did not inform Rockhill of this damage until a year and a half had passed. Rockhill did not pay out any insurance benefits because it determined that the policy did not cover parts of Regal's claim and the parts that the policy did cover fell short of the policy's deductible. Regal assigned its claim to the Sabrans who eventually sued Rockhill for breach. Rockhill moves for summary judgment based on a policy provision requiring Regal to promptly notify Rockhill of any such losses. And, because Regal did not promptly notify it of the loss, Rockhill correctly argues Florida law entitles it to a rebuttable presumption that the delay prejudiced its investigation of the claim. The Sabrans identify no evidence rebutting this presumption. Accordingly, Rockhill's motion (Doc. 30) is **GRANTED**.

## BACKGROUND[1]

Rockhill issued Regal a residential insurance policy for a home Regal owned in Naples, Florida. (Doc. 1-1 at 14.) On September 10, 2017, Hurricane Irma allegedly damaged the property. (See id. at ¶ 9; Doc. 31 at ¶ 2; Doc. 33 at ¶ 3.) Under the policy, Regal had a duty to give Rockhill "prompt notice" of any loss to the insured property. (Doc. 1-1 at 24, 40.) If Regal's failure to give prompt notice of the loss prejudiced Rockhill, Rockhill would have no duty to provide coverage under the policy. (Id.) Regal did not notify Rockhill of the property damage until March 19, 2019—"one year, six months, and nine days after the date of loss." (Doc. 33 at ¶ 4.)

Mr. Julio Orbegoso, Rockhill's engineer, first inspected the insured property on May 9, 2019. (Doc. 30-6.) Mr. Orbegoso concluded that much of the damage was due to preexisting conditions but that Hurricane Irma exacerbated some of these conditions and it could not be ruled out as causing at least some damage to the home. (Id. at 7.) Relying on this report, Rockhill sent Regal a letter around June 17 explaining that it was denying coverage for damage attributable to wear, tear, and deterioration that the policy did not protect against. (Doc. 30-7 at 8.) Rockhill did admit coverage for damage to the roof that Regal had repaired before

---

[1] To avoid confusion, the Court notes that Rockhill has presented its Statement of Undisputed Facts in a separate filing than its motion for summary judgment. (Doc. 31.) Rather than admitting or denying these facts, (see Doc. 18 at 4–5), the Sabrans include their own Statement of Facts in their response (Doc. 33 at 2–5). The Court nonetheless accepts the filings and views all facts in a light most favorable to the Sabrans on summary judgment.

notifying Rockhill of the loss, but it issued no payment because the $1,488 in covered damages did not meet the policy's $35,000 deductible. (Id. at 8–9.)

The Sabrans bought the home from Regal around April 30, 2020. (Doc. 1-1 at 9.) As part of the sale, Regal assigned its insurance claim—and the insurance benefits thereunder—with Rockhill to the Sabrans. (Id.) The Sabrans hired Nicholas Petty, a public adjuster, who inspected the property on May 28, 2020. (Doc. 33-3 at ¶¶ 2–4.) Mr. Petty concluded that "there was a high likelihood that the damage to the Property's roof, exterior wall, and interior was caused by . . . Hurricane Irma." (Id. at ¶ 6.) Then, the Sabrans engaged James Hartney, a professional engineer, to inspect the property on June 6, 2021. (Doc. 33-1.) Mr. Hartney also concluded that "there was a high likelihood that the damage to the Property was caused by . . . Hurricane Irma." (Id. at ¶ 5.) Rockhill also had Waseem Ansari, its own professional engineer, inspect the property on February 24, 2022. (Doc. 34-1 at 1.) Mr. Ansari concluded that, apart from twenty-eight roof tiles, Hurricane Irma was not responsible for the condition of the roof and property during his inspection. (Doc. 30-2 at 61.)

But Mr. Ansari also stated that his "inspection of the [home] was prejudiced due to the late reporting of the incident." (Doc. 34-1 at ¶ 9.) Specifically, Mr. Ansari explains that "had [he] been able to inspect the property within weeks to a couple of months after the alleged date of loss, . . . [his] ability to determine the cause and origin of the reported roof damages would not have been limited due to the roof repairs that occurred after Hurricane Irma" and before his inspection.

(Id.)  Mr. Ansari adds that he "also would have been able to determine what the alleged damages looked like soon after the alleged loss event compared to how they appeared in 2020 based on photos and . . . [i]nspecting the property in 2022 [which] affected [his] ability to determine the duration of the damages and when those damages may have occurred."  (Id.)

The Sabrans sued Rockhill in Florida state court on September 9, 2020, alleging a single count for breach of the policy.  (Doc. 1-1.)  Rockhill removed the Sabrans' Complaint to this Court on October 12, 2020.  (Doc. 1.)  Rockhill now moves for summary judgment.  (Docs. 30, 31.)  The Sabrans have responded in opposition, and Rockhill has replied in support of its motion.  (Docs. 33, 34.)

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 states that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  If this showing is made, "the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial." Shaw v. City of Selma, 884 F.3d 1093, 1098 (11th Cir. 2018) (quotation omitted).

"A fact is 'material' if it has the potential of 'affect[ing] the outcome' of the case."  Id. (citation omitted).  "And to raise a 'genuine' dispute, the nonmoving party must point to enough evidence that 'a reasonable jury could return a verdict for [him].'"  Id. (citation omitted).  "When considering the record on summary judgment 'the evidence of the nonmovant is to be believed, and all justifiable

inferences are to be drawn in his favor.'" Id. (citation omitted). "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence but is pure conjecture and speculation." Daniels v. Twin Oaks Nursing Home, 692 F.2d 1321, 1324 (11th Cir. 1982) (internal quotation marks and citation omitted).

## DISCUSSION

Rockhill's motion for summary judgment is due to be granted. Under Florida law, Rockhill is entitled to a rebuttable presumption that Regal's year-and-a-half delay in reporting the loss prejudiced Rockhill's investigation of Regal's claim. The Sabrans counter that because the parties' respective engineers and adjusters determined the cause of the damage, the delay was not prejudicial to Rockhill's investigation. But this sheds no light on whether those engineers and adjusters would have reached the same conclusion had Regal, in compliance with the policy, promptly reported the loss to Rockhill. Further, the Sabrans impermissibly attempt to shift their burden to Rockhill by arguing that Rockhill has not identified any evidence of such prejudice. In doing so, the Sabrans ignore that such prejudice is already presumed under Florida law. Therefore, Rockhill is entitled to summary judgment.

As noted, the policy required Regal to promptly notify Rockhill of any damage to the insured property. (Doc. 1-1 at 24, 40.) "The failure of an insured to give a timely notice of loss in contravention of a policy provision is a legal basis for the denial of recovery under the policy." Ideal Mut. Ins. Co. v. Waldrep, 400 So. 2d

782, 785 (Fla. 3d DCA 1981). "If the insured breaches the notice provision, prejudice to the insurer will be presumed, but may be rebutted by a showing that the insurer has not been prejudiced by the lack of notice." Bankers Ins. Co. v. Macias, 475 So. 2d 1216, 1218 (Fla. 1985). "Although the issue of whether an insured has overcome the presumption of prejudice caused by late notice is generally reserved for the trier of fact, it is appropriately raised on summary judgment where, as in this case, the insured fails to present evidence sufficient to rebut the presumption." 1500 Coral Towers Condo. Ass'n, Inc. v. Citizens Prop. Ins. Co., 112 So. 3d 541, 544–45 (Fla. 3d DCA 2013).

The Sabrans concede that Rockhill "enjoys a fact presumption that its investigation was prejudiced because [Regal's] notice of the claim was not prompt." (Doc. 33 at 6.) Still, Plaintiffs maintain that they have "popped the presumption of prejudice" because:

> (i) every person that investigated this Claim (on behalf of both Defendant or Plaintiffs) was able to make a causation determination, which shows that their investigations were not substantially hindered; and (ii) no one that investigated [this] Claim (on behalf of both Defendant or Plaintiffs) alleged that their investigations were hindered or prejudiced in any way. These facts are wholly inconsistent with a conclusion that Defendant was unable to properly investigate the Claim due to the lack of prompt notice. Indeed, the adjustment of this Claim proceeded and concluded without any allegations of prejudice.

(Id. at 7.)

The Sabrans' first contention, that every person who investigated the property could determine the cause of the damage, ignores the purpose of the presumption to which Rockhill is entitled. The "purpose of a provision for notice

and proofs of loss is to enable the insurer to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it." Laster v. U.S. Fid. & Guar. Co., 293 So. 2d 83, 86 (Fla. 3d DCA 1974). Even if the reports contained a complete investigation of the damage <u>when they were created</u>, those reports could not inform the property's condition around the time Hurricane Irma made landfall and subsequent damage. The Sabrans' first argument "fail[s] to . . . sufficiently rebut[] the presumption of prejudice to [Rockhill]" because a prompt reporting of the loss by Regal "may have enabled [Rockhill] to better investigate and assess" the damage to the insured property at or near the date of loss in September 2017. Id. at 87. Put differently, the "ability to offer testimony as to causation alone does not satisfy the purpose of prompt notice and therefore cannot vitiate the prejudice suffered by [Rockhill] due to delayed investigation and mitigation." Yacht Club on the Intracoastal Condo. Ass'n, Inc. v. Lexington Ins. Co., 599 F. App'x 875, 881 (11th Cir. 2015).

And the Sabrans' second argument errs in its conflations of the parties' respective burdens. First, Rockhill need not point to any evidence by way of an investigator expressly stating the delay prejudiced Rockhill—it is entitled to the presumption of prejudice, and the Sabrans have conceded this point. Second, the Sabrans are essentially stating that Rockhill suffered no prejudice because of Regal's delay but fail to identify evidence in support of that assertion. Yet "even if [the Sabrans] had an affidavit saying that 'the late notice did not prejudice [Rockhill]' that would not be enough to overcome the presumption of prejudice."

PDQ Coolidge Formad, LLC v. Landmark Am. Ins. Co., 566 F. App'x 845, 850 (11th Cir. 2014). And, to the contrary, Mr. Ansari's affidavit does constitute evidence above and beyond the operation of law that Regal's delay prejudiced his investigation on behalf of Rockhill. His analysis, and therefore his conclusion, about what damage may or may not be covered under the policy may have differed had Regal reported the loss sooner. (See Doc. 34-1.)[2]; see also Kramer v. State Farm Fla. Ins. Co., 95 So. 3d 303, 307 (Fla. 4th DCA 2012) (affirming summary judgment where the presumption of prejudice was not rebutted by structural engineer's affidavit stating that roof damage was equally likely to have resulted from wind damage or foot traffic).

---

[2] The Sabrans urge the Court to discount Mr. Ansari's affidavit for two reasons. (Doc. 33 at 8.) They rightly note that the version Rockhill attaches to its motion for summary judgment is unsworn. (Doc. 30-1.) But Rockhill has provided a properly executed and identical version of Mr. Ansari's affidavit to its response, and the Sabrans have raised no objection. (Doc. 34-1.) In all events, "evidence does not have to be authenticated or otherwise presented in an admissible form to be considered at the summary judgment stage, as long as the evidence could ultimately be presented in an admissible form." Smith v. Marcus & Millichap, Inc., 991 F.3d 1145, 1156 n.2 (11th Cir. 2021) (quotation omitted). Next, the Sabrans argue that the affidavit "should be discounted as unreliable because, in it, Mr. Ansari merely confirms post-hoc allegations that his previous investigation of the cause of loss was prejudiced—inconsistent with his prior evaluation report, which alleges no such prejudice." (Doc. 33 at 8.) This, however, goes to the weight of Mr. Ansari's affidavit—not whether the affidavit is properly before the Court in the first place. While Mr. Ansari's affidavit "cannot be conclusory, . . . nothing in Rule 56 (or, for that matter, in the Federal Rules of Civil Procedure) prohibits an affidavit from being self-serving." United States v. Stein, 881 F.3d 853, 857 (11th Cir. 2018) (citation omitted). So it is of no consequence that Mr. Ansar's affidavit "merely confirms post-hoc allegations," as the Sabrans maintain because the Court cannot weigh his affidavit on summary judgment in the first place.

Ultimately, the Sabrans identify no evidence suggesting that the "delayed notice did not prejudice [Rockhill] because an investigation conducted immediately following the accident would not have disclosed anything materially different from that disclosed by the delayed investigation, and thus the outcome of" Rockhill's coverage determination would have been the same. Niesz v. Albright, 217 So. 2d 606, 608 (Fla. 4th DCA 1969). They point to no evidence addressing:

> (a) whether better conclusions could have been drawn without the delay, (b) whether those conclusions could have been drawn more easily, or (c) whether the repairs to the affected areas that took place in the interim would complicate an evaluation of the extent of the damage or [Regal/the Sabrans'] efforts to mitigate [their] damages. Nor [do the Sabrans] proffer anything to indicate that the condition of the Property was in the same condition as it was right after the storm.

PDQ Coolidge, 566 F. App'x at 849–50. Instead, the Sabrans merely rely on the fact that a determination of causation could be reached and note that none of the investigations expressly mention the delay as prejudicial. But, as the Court has explained, this creates no inference about whether Regal promptly reporting the loss would have led Rockhill to investigate the property in a condition more closely resembling its state shortly after Hurricane Irma and how that would have affected Rockhill's coverage determination.

Thus, to accept the Sabrans' view of how to analyze a rebuttable presumption would turn a rebuttable presumption on its head. It is the Sabrans' burden to offer proof to rebut the presumption that the 18-month delay in the reporting of the claim did not prejudice Rockhill, not the converse. In fact, Florida courts require more than conclusory statements and repair estimates—which is about all that the

Sabrans offer here—to rebut the presumption of prejudice from an insured's delayed reporting of property damage. See, e.g., Hope v. Citizens Property Ins. Co., 114 So.3d 457, 460 (Fla. 3d DCA 2013) (affirming summary judgment for insurer where the insured's submission of a homeowner's affidavit, roofer's repair estimate, and public adjuster's report were conclusory and did not overcome presumption of prejudice to the insurer created by the non-prompt reporting of the property damage claim); 1500 Coral Towers Condo. Ass'n, Inc.,112 at 545 (affirming summary judgment for insurer where "[t]he closest Coral Towers comes is a conclusory statement by one of its engineers that, in his opinion, the late notice did not prejudice Citizens"). Thus, the Sabrans have failed to present any evidence that a genuine issue of material fact remains here.

For these reasons, Rockhill's motion for summary judgment (Doc. 30) is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in Rockhill's favor accordingly, terminate any pending motions and deadlines, and close the file.

**ORDERED** at Fort Myers, Florida, on September 30, 2022.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE